J. B. SCHOTT MANUFACTURING COMPANY, Appellant, v. J. M.
CLEVENGER, Appellee.

**APPEAL AND ERROR:** Failure to Enter Exception. Instructions
passed by appellant in the trial court without objection or ex-
ception of any kind will not be reviewed on appeal.

*Appeal from Clarke District Court.*—H. A. FULLER, Judge.

JULY 6, 1920.

ACTION at law to recover $141.23, for goods alleged to
have been sold by plaintiff to the defendant. Trial to a
jury, and verdict and judgment for the defendant. The
plaintiff appeals.—*Affirmed.*

*W. S. Hedrick,* for appellant.

*O. M. Slaymaker,* for appellee.

PRESTON, J.—Plaintiff alleges that, about June 18, 1917,
defendant gave to a traveling representative of plaintiff an
order for goods and merchandise, and that plaintiff, relying
upon such order, made shipment of the goods, and that the
same were received by the defendant, and that he assumed
the ownership and control of said goods, without objection.
The order follows:
"J. B. Schott Mfg. Co.
"Quincy, Ill.
"Ship to J. M. Clevenger, Place, Osceola, Iowa; via. C.
B. & Q. Date rec'd. June 18, 1917. Date Billed..........
Salesman, Schott 20 Date Sold, June 12, 1917. Time Ship,
Nov.-Dec. Terms: Mar. 1—60 da. 2% Cash Disct. 10 da.
F. O. B. Quincy.
"Customers will please examine duplicate order and no-

tify us of error, if any, before shipment is made."

The order was not in writing, nor is it signed by defendant. It was simply the order which the salesman filled out and sent to the plaintiff. Defendant's claim is that, about the date stated in the order, one of plaintiff's salesmen called on defendant; that it was verbally agreed that the harness would not be shipped until the last of December, 1917, or the first of January, 1918; that, if they were shipped before that time, and loss occurred, it would fall on the plaintiff, and that the title was retained by the plaintiff until the time they were to be shipped; that the goods were shipped during the latter part of August, 1917, and, on the 22d. day of November, 1917, were destroyed by fire, without fault or negligence on defendant's part, which fire was of unknown origin; that, at the time the goods were so destroyed, they were plaintiff's property, and defendant had not purchased them, and had no interest therein. He denies that he ever purchased the goods, and says that they were only to be shipped upon the conditions stated. The goods were sent to defendant at Osceola, and arrived there, as we understand it, some time in the fore part of August, 1917; and it seems they were delivered to defendant's place of business in his absence. They were not opened. The trial court instructed in accordance with the theory of the pleadings and the evidence. The only errors relied upon for reversal are that the court, in its instructions, erred in instructing the jury that the burden of proof is upon plaintiff to prove and establish his claim and cause of action, by a preponderance of the evidence. It is thought by appellant that the instructions on this point are erroneous, for that it is claimed that the defense is an affirmative one, and the burden is upon the defendant. There is very little argument, even on the errors assigned,—not more than a dozen lines; and no cases are cited. The argument is broader than the assignment, and the principal contention is that a sale was established by the plaintiff, and that they were accepted by the defendant, and that, therefore, the title was in him at the time of the fire. The appellee does

not answer any of appellant's propositions, but argues and cites numerous cases to support the argument that there is nothing here for this court to pass upon, for that, as he says:

"Not one objection is to be found to the evidence. Plaintiff did not move for a directed verdict at the end of all of the testimony, or at any other time. He did not object to any instructions before they were given to the jury; did not ask the court to give the jury any instructions; or did not object or except to the instructions after they were given. No motion for a new trial was filed. In fact, no ruling of the trial court is presented here for review. The only errors relied upon for reversal is the error of the trial court in giving to the jury Instructions 3, 4, 5, 6, and 7, which are found on page 3 of appellant's brief and argument. The argument takes a wider range, and complains of the insufficiency of the evidence to support the verdict; but this matter was not presented in the lower court, and is not presented in any brief point."

The abstract discloses that the foregoing statements are correct. Appellant has not filed any reply argument, and does not attempt to meet appellee's propositions. Appellee's position is well taken. It might not be out of place to say that, as to the merits as to whether there was a sale, even though it may be thought the arrangement was unusual, still, it seems to us it is not improbable, under the circumstances. Some of the circumstances are that defendant testifies that he told plaintiffs that he did not wish to buy the goods at that time; that the order itself shows that the goods were not to be shipped until November or December; that they were shipped long before that—some four months; that they were not opened; that they were destroyed by fire in November, before the date for shipment. At any rate, the defendant and other witnesses testify to the contract as alleged. Though denied by the plaintiff's agent, there is a conflict for the jury, and they have decided. But, for the reasons pointed out, there is nothing before us for determination. The judgment is—*Affirmed.*

Weaver, C. J., Evans and Salinger, JJ., concur.